UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER R. BOSTOCK and<br>TAMMI BOSTOCK,<br><br>    Plaintiffs,<br><br> v.<br><br>DJO, LLC, *et al.*,<br><br>    Defendants. | CIVIL ACTION<br>No. 4:12-cv-40072-TSH |

## ORDER GRANTING DEFENDANTS MOOG, INC. AND CURLIN MEDICAL, INC.'S MOTION TO DISMISS
March 4, 2013

**HILLMAN, J.**

### INTRODUCTION

  Before the Court is Moog, Inc. and Curlin Medical, Inc.'s (collectively, "Moog") Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) or, alternatively, Motion for Summary Judgment under Fed. R. Civ. P. 56 (Docket No. 57). The Court held a motion hearing on February 28, 2013. For the following reasons, Moog's Motion to Dismiss is **GRANTED**.

### STANDARD OF REVIEW

  To survive a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must evince the requisite factual detail to "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). The court is obligated to accept all of

plaintiff's alleged facts as true, however, plaintiff still carries the burden of demonstrating for the court an area of law that entitles plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

## DISCUSSION

Defendants DJO, LLC, and DJO Global, Inc. (collectively, "DJO") have only opposed Moog's motion for summary judgment (Docket No. 67). DJO directed the Court to an assented-to motion with Plaintiffs Peter R. Bostock and Tammi Bostock, whereby Plaintiffs agreed to file a Second Amended Complaint in exchange for DJO withdrawing its motion to dismiss Plaintiffs' Amended Complaint (Docket No. 45). Notwithstanding that motion, neither a Second Amended Complaint nor an Answer has been filed. DJO's opposition to Moog's motion does not take a position on whether Moog should continue as a named Defendant in this action but rather requests an Order preserving any and all contractual and common law indemnity claims it may have against Moog in the future.

The Court treats DJO's opposition as a typical crossclaim for indemnification. Crossclaims are defined under Fed. R. Civ. P. 13(g) which states that a "pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action." Thus, in order for a crossclaim to be valid, it must be contained within a *pleading*. In turn, the only procedural vehicles recognized under the Federal Rules of Civil Procedure as "pleadings" are: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-part complaint; (6) an answer to a third-party complain; and (7) a reply to answer. Fed. R. Civ. P. 7(a). Because DJO has failed to even file a pleading in this action and

because its opposition cannot be considered a "pleading" under Rule 7(a), its arguments in opposition to Moog's motions are improper.

During the hearing, counsel for Plaintiffs stated that they neither supported nor opposed Moog's motions and thus have not filed a response thereto. Nevertheless, even a reasonable review of Plaintiffs' Amended Complaint (Docket No. 3) fails to identify the specific pain pump manufacturer that caused Plaintiffs' injuries. Because identification of culpable parties is a prerequisite for establishing liability in negligence actions, Plaintiffs' action against Moog must be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. *See Payton v. Abbott Labs*, 386 Mass. 540, 571, 437 N.E.2d 171 (1982).

## CONCLUSION

Accordingly, for the reasons set forth above I hereby **GRANT** Moog's Motion to Dismiss without prejudice.

IT IS SO ORDERED.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE